IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES JACKSON,

    Plaintiff,

      v.

TA OPERATING LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-2909-TWT

## OPINION AND ORDER

This is a personal injury case. It is before the Court on Defendant TA Operating LLC's ("TAO's") Motion for Summary Judgment. As set forth below, Defendant TAO's Motion for Summary Judgment [Doc. 47] is GRANTED in part and DENIED in part.

## I.   Background[1]

This case arises out of a premises liability claim. Defendant TAO operates a TA Travel Center in Atlanta, Georgia ("TA Atlanta"). (Def. TAO's Statement of Undisputed Material Facts ¶ 1 [Doc. 47-1]). One of the amenities TA Atlanta offers its customers are showers. (*Id.* ¶ 2). Customers can access

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

these showers by either utilizing the shower kiosk or purchasing a shower from a cashier. (*Id.* ¶ 3).

Defendant TAO hires porters to inspect and clean the showers. (*See id.* ¶ 5). To train the porters, TA uses multiple training programs, including general cleaning basics and shower-specific responsibilities. (*Id.* ¶ 6). As part of these programs, porters generally inspect and clean the showers throughout their shifts, including after each use by a guest. (*Id.* ¶ 7; Pl.'s Response to Def. TAO's Statement of Undisputed Material Facts ¶ 7 [Doc. 50]). These inspections include inspecting the shower drain. (Def. TAO's Statement of Undisputed Material Facts ¶ 8).

In 2024, the Plaintiff purchased a shower from TA Atlanta at night. (*Id.* ¶¶ 10-11). The Plaintiff inspected the shower, including the shower floor, before using it. (*Id.* ¶ 13). A few minutes after the water started running, the Plaintiff claimed that both of his feet were standing on the small drain cover in the shower when it popped up and cut the bottom heel of his left foot, causing him to fall. (*Id.* ¶ 14). The Plaintiff took a photograph of the shower drain immediately after the incident and noted that the shower drain did not look like the picture prior to starting his shower. (*Id.* ¶¶ 15-16). When the Plaintiff arrived at the hospital, he only reported injuries to his left foot. (*Id.* ¶¶ 17, 19; Pl.'s Response to Def. TAO's Statement of Undisputed Material Facts ¶ 17, 19). The Plaintiff explicitly denied head trauma and did not report falling in the shower. (Def. TAO's Statement of Undisputed Material Facts ¶ 18).

2

The Plaintiff suffered injuries before and after his injury at TA Atlanta.[2] In 2023, the Plaintiff had surgery on both shoulders from a rear-end car accident that caused injuries to his shoulders and neck. (*Id.* ¶ 20). Then, four months after the incident at TA Atlanta, the Plaintiff was a passenger involved in a serious car accident where the vehicle he was riding in was traveling over 100 miles per hour when it "T-boned" another vehicle. (*Id.* ¶ 21). He was subsequently taken to the hospital, where they determined that the impact broke his femur and he needed a rod implanted from his hip to his knee. (*Id.* ¶ 22). The Plaintiff denied any claims for back or neck pain during his two days in the hospital, and imaging by Grady Memorial confirmed no ongoing back or neck concerns. (*Id.* ¶ 23).

Later in 2025 and after being discharged from the hospital, the Plaintiff filed suit against Defendant TAO and other unknown defendants to recover for his injuries sustained at TA Atlanta in the State Court of Gwinnett County. (*See generally* Compl. [Doc. 1-1]). In the Complaint, the Plaintiff alleges that the Defendants are liable for negligence and the failure to warn. (*See id.* ¶¶ 8 19). Soon after, Defendant TAO removed the action to the Northern District of Georgia. (*See generally* Notice of Removal [Doc. 1]). After the parties

---

[2] Curiously, the Plaintiff's Response to the Defendant TAO's Statement of Undisputed Facts cuts off after responding to 20 paragraphs. Under Local Rule 56.1(B), the moving party's facts are deemed admitted when the nonmoving party fails to respond to them. *See* LR 56.1(B)(2)(a)(2), NDGa. Thus, the remaining portions of Defendant TAO's Statement of Undisputed Material Facts are deemed admitted.

completed discovery, Defendant TAO filed this Motion for Summary Judgment. (*See generally* Def. TAO's Mot. for Summ. J. [Doc. 47]).

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). A court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970). On cross-motions for summary judgment, a court views the facts "in the light most favorable to the non-moving party on each motion." *Greater Birmingham Ministries v. Sec'y of State, State of Ala.,* 992 F.3d 1299, 1317 (11th Cir. 2021). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986).

## III.   Discussion

Defendant TAO's Motion for Summary Judgment requests final summary judgment as to all claims, or, in the alternative, partial summary judgment. Specifically, Defendant TAO requests full summary judgment as to all claims, arguing that the Plaintiff cannot establish the necessary elements

of his premises liability claim. (*See* Br. in Supp. of Def. TAO's Mot. for Summ. J., at 9-13 [Doc. 47-2]). If this is not granted, Defendant TAO requests partial summary judgment as to the Plaintiff's claims for non-foot injuries. (*See id.* at 13-17).

Before addressing the arguments in detail, the Court will grant summary judgment in favor of Defendant TAO as to the failure-to-warn claim. Failure-to-warn is not a separate basis of liability but rather a means by which Defendant TAO may have breached a duty of care to the Plaintiff under his premises liability claim. *Fields v. Rainbow Cmty. Ctr., Inc.*, 369 Ga. App. 620, 625-26 (2023); *Anglin v. City Facilities Mgmt. (FL) LLC*, 2024 WL 665541, at *6 (S.D. Ga. Feb. 16, 2024). Indeed, whether the Court conducts its analysis under a theory of failure-to-warn or negligence, the analysis and the result would be the same and therefore the count is needlessly duplicative. *Cf. Coweta Cnty. Appointed Adm'r v. Ga. CVS Pharmacy, LLC*, 2024 WL 6980683, at *8-9 (N.D. Ga. Apr. 9, 2024) (holding failure-to-warn and failure-to-inspect claims were not subsumed by the negligence claim because such claims were brought under a theory of wrongful death). Thus, the Court grants summary judgment for Defendant TAO on the failure-to-warn claim and proceeds to analyze negligence.

## A. Premises Liability

Under Georgia law, "[t]he essential elements of a negligence claim are 'the existence of a legal duty; breach of that duty; a causal connection between

the defendant's conduct and the plaintiff's injury; and damages.'" *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613, 615 (2021) (citation omitted). Premises liability, a subset of a negligence claim, can be pled by alleging facts that show "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Travis v. Quiktrip Corp.*, 339 Ga. App. 551, 553 (2016) (citation modified). Defendant TAO argues that the Plaintiff has failed to establish that it had actual or constructive knowledge of the faulty drain cover. (*See* Br. in Supp. of Def. TAO's Mot. for Summ. J., at 9-13 [Doc. 47-2]).

The standard for granting summary judgment on a premises liability claim is high. As explained by the Georgia Supreme Court, "[t]he trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable." *Robinson v. Kroger Co.*, 268 Ga. 735, 739 (1997) (citation modified). "Where reasonable minds can differ as to the conclusion to be reached with regard to questions of whether an owner/occupier breached the duty of care to invitees and whether an invitee exercised reasonable care for personal safety, summary adjudication is not appropriate." *Id.* at 740 (citation omitted).

Understanding the standard, the Court turns to the issue of Defendant TAO's knowledge. "[I]t is well settled in Georgia that 'the fundamental basis

for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff.'" *Travis*, 339 Ga. App. at 553 (citation modified). "[A] property owner has a duty to alert invitees[3] to hidden dangers or defects not observable to them." *Crebs v. Bass Pro Outdoor World*, 360 Ga. App. 121, 123 (2021) (citation modified). On a motion for summary judgment, where the evidentiary record is bare with regard to whether a defendant had actual or constructive knowledge of a hazardous condition, the burden is on the plaintiff to demonstrate that the defendant had actual or superior knowledge of the hazard to avoid summary judgment. *See River Place at Port Royal Condo. Assoc., Inc. v. Sapp*, 358 Ga. App. 632, 638 (2021).

And Defendant TAO is correct to assert that the evidentiary record suggests that it did not have actual knowledge of the faulty shower drain. The evidence before the Court shows that Defendant TAO owned and maintained each shower at TA Atlanta. (*See* Def. TAO's Statement of Undisputed Material Facts ¶¶ 2, 5-8). As part of their duties, porters working for Defendant TAO

---

[3] The Plaintiff asserts he was an invitee at TA Atlanta and Defendant TAO does not contest this point. (Pl.'s Br in Opp'n to Def.' TAO's Mot. for Summ. J., at 5 [Doc. 49]). In any case, the Court agrees. "An invitee is someone whom a landowner, by express or implied invitation, induces or leads to come upon his premises for any lawful purpose." *Stanton v. Griffin*, 361 Ga. App. 205, 206 (2021) (citation modified). A customer on the premises of a business is typically an invitee of the business owner. *Radheshvar, LLC v. Perez Larios*, 378 Ga. App. 813, 815 (2026). Because the Plaintiff used a shower facility provided only to paying customers at TA Atlanta and Defendant TAO provides no meaningful dispute, the Court concludes he is an invitee. (Pl.'s Additional Statement of Undisputed Material Facts ¶ 1 [Doc. 50]; *See* Def. TAO's Response to Pl.'s Additional Statement of Undisputed Material Facts ¶ 1).

inspected the showers throughout their shifts, including after each use by a guest. (*Id.* ¶¶ 6-7). This includes inspecting the shower drain in each shower. (*Id.* ¶ 8). According to testimony by Defendant TAO's corporate representative, Adrian Levar Polk, there were no maintenance or safety issues communicated or logged with the shower where the Plaintiff suffered his injury in the year preceding the incident. (Polk Dep. at 24:1-24:11 [Doc. 47-4]). This is further corroborated by the fact that the Plaintiff saw nothing apparently wrong with the shower drain cover prior to beginning his shower. (Def. TAO's Statement of Undisputed Material Facts ¶ 13).

But the Court concludes that there is evidence that Defendant TAO could have had constructive knowledge of the faulty drain. To establish constructive knowledge, a plaintiff must show that "(1) a store employee was in the immediate area of the hazard and could have easily seen the [hazard] or (2) the [hazard] remained long enough that ordinary diligence by the store employees should have discovered it." *Johnson v. All Am. Quality Foods, Inc.*, 340 Ga. App. 665, 666 (2017) (citation modified). "Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure." *Id.* (citation modified). "In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place but that such program was actually carried out at the time of the incident." *Id.*

(citation modified). Determining whether an inspection program is reasonable is determined on a case-by-case basis. *See id.* at 666-67.

As discussed, Defendant TAO's policies require porters to inspect and clean the showers throughout their shifts, including after each use by a guest. (Def. TAO's Statement of Undisputed Material Facts ¶¶ 7-8). The policy, in theory, appears reasonable because the showers likely only suffer wear-and-tear when in use. In practice, the answer is not as clear cut. Although porters are required to inspect showers after each use, the evidentiary record suggests this may not actually be the case. Polk explains that porters generally only become aware of when a shower has been used when the customer leaves the door open to the shower or when the electronic system shows that the shower is out-of-use. (Polk Dep. at 12:12-12:16). Additionally, porters are not required to keep a written log of every time they inspect and clean the shower. (*Id.* at 12:6-12:9). Even on the date of the Plaintiff's injury, Defendant TAO presents no proof that any inspections occurred in line with its policy. Where some Georgia courts have held that an inspection policy was not reasonable when it was conducted as little as 15-20 minutes prior to a fall, the lack of any paper trail relating to Defendant TAO's inspections is fatal to the motion for summary judgment. *See Johnson*, 340 Ga. App. at 666-67. Thus, Defendant TAO cannot show that they did not have constructive knowledge of the faulty shower drain because (1) the inspection policy was, in practice, not reasonable

9

and (2)regardless, there is no evidence that the inspection policy was carried out on the day of the incident.

Finally, even if Defendant TAO could show that they did not have actual or constructive knowledge of the hazard, the Plaintiff meets his burden in demonstrating that Defendant TAO would have had superior knowledge of the hazard. *See Sapp*, 358 Ga. App. at 638. A defendant has superior knowledge of a hazard if the evidence shows it had greater than the plaintiff. *Diaz v. Wild Adventures, Inc.*, 289 Ga. App. 889, 891 (2008). Compared to the Plaintiff, who is a transient customer, Defendant TAO operates a business, presumably daily, at TA Atlanta and is generally responsible for the daily upkeep of the property. (*See* Def. TAO's Statement of Undisputed Material Facts ¶¶ 1, 10). The showers offered to the Plaintiff are part of the business operations of Defendant TAO and it derives some revenue from the enterprise. (*See id* ¶¶ 2-4). And the hazard was not obvious to the Plaintiff when he inspected the shower. (*Id.* ¶ 13). Thus, there is little question that Defendant TAO had superior knowledge of any hazards on the premises compared to the Plaintiff. Accordingly, the Court will not grant summary judgment for Defendant TAO as to the Plaintiff's negligence claim.

## B. Damages Arising Out of Non-Foot Injuries

Defendant TAO requests that the Court grant partial summary judgment as to certain damages, namely all of the Plaintiff's non-foot injuries. They argue that this is because the Plaintiff lacks sufficient evidence, as a

matter of law, to establish causation. (*See* Br. in Supp. of Def. TAO's Mot. for Summ. J., at 13-14). In response, the Plaintiff argues that (1) he has adequately disclosed all experts and (2) even if he has not, no medical testimony is required to establish causation as to the non-foot injuries. (*See* Pl.'s Br. in Opp'n to Def. TAO's Mot. for Summ. J., at 12-15). The Court will address these arguments separately.

### 1. Adequate Disclosure of Experts

The Court filed its Second Amended Scheduling Order, outlining, among other issues, the date that the parties must disclose their expert witnesses. (*See generally* 2d Am. Scheduling Or. [Doc. 43]). In that Order, the Court required the Plaintiff to "serve expert witness disclosures containing the information required by Fed. R. Civ. P. 26(a)(2) by **February 6, 2026.**" (2d Am. Scheduling Or., at 2 (emphasis in original)). Rule 26(a)(2) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present [expert witness testimony] under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Such witnesses must also either provide a written report compliant with Rule 26(a)(2)(B) or a disclosure compliant with Rule 26(a)(2)(C). Fed. R. Civ. P. 26(a)(2)(B)-(C).

Despite the scheduling order entered by this Court, Defendant TAO asserts, and the Plaintiff does not contest, that the Plaintiff did not disclose any expert witnesses pursuant to the requirements of Fed. R. Civ. P. 26(a)(2). Instead, the Plaintiff argues that he adequately disclosed his expert witnesses

11

under Georgia law by presenting the Defendants with all of the Plaintiff's medical records and bills through the discovery process which already included the names and addresses of all of the Plaintiff's treating physicians. (Pl.'s Br. in Opp'n to Def. TAO's Mot. for Summ. J., at 12). The Plaintiff fundamentally misunderstands when state and federal law apply to state law issues in federal court.

When a federal court has jurisdiction over a state-law claim, state law governs substantive issues, and federal law governs procedural issues. *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "[I]t is federal law, and not state law, that controls discovery in diversity actions when a federal Rule is on point, provided that it does not violate the Rules Enabling Act or the U.S. Constitution." *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965)). Accordingly, Rule 26(a)(2), not Georgia law, controls responsibilities surrounding expert witness disclosures.

Because Rule 26(a)(2) applies, the Court reviews the "disclosures" presented by the Plaintiff of his expert witnesses. Simply put, the disclosures fall far below what is required. *See* Fed. R. Civ. P. 26(a)(2). Even if the Court considers the less onerous requirements for expert witness disclosures in Rule 26(a)(2)(C), the Plaintiff cannot meet it. If an expert witness does not provide a witness report during discovery, a disclosure must still state (1) "the subject

12

matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and (2) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Simply providing the names and addresses of all treating physicians along with the Plaintiff's own testimony as to his treatment does not comply with the federal rules of discovery. Accordingly, the Court holds that the Plaintiff has not adequately disclosed his expert witnesses pursuant to Rule 26(a)(2) as required by this Court's Scheduling Order.

## 2. Expert Witness Requirement for Causation

The Plaintiff argues that expert witnesses are not required in addressing issues related to "alternative causes of injury or medical history" and that such issues are for the jury to decide. (*See* Pl.'s Br. in Opp'n to Def. TAO's Mot. for Summ. J., at 13-15). Generally, "there is no requirement that expert testimony must be produced by a plaintiff to a negligence action in order to prevail at trial." *Cowart v. Widener*, 287 Ga. 622, 626 (2010) (citation modified). But, with almost all legal premises, there are exceptions. The Georgia Supreme Court explained:

> [I]n deciding whether the plaintiff is required to come forward with expert testimony to withstand a defense motion for summary judgment, the critical question is not whether the causation element involves a 'medical question' in the generic sense of the term. Rather, it is whether, in order to decide that the defendant's conduct proximately caused the plaintiff's injury, a lay jury would have to know the answers to one or more 'medical questions' that, as the case law has defined that term, can be answered accurately only by witnesses with specialized expert knowledge.

13

*Id.* at 629.

Indeed, "most 'medical questions' relating to causation are perfectly capable of resolution by ordinary people using their common knowledge and experience, without the need for expert testimony." *Id.* at 628. But expert testimony is required when "the link between a defendant's actions and the plaintiff's injury is beyond common knowledge and experience." *Id.* The question, then, is whether understanding how the Plaintiff suffered injuries to his neck and back from the heel laceration is "beyond common knowledge and experience." *See id.* The Court answers this question in the affirmative.

If the facts simply showed that the Plaintiff suffered a single injury that later developed into injuries to his foot, neck, and back, then the Plaintiff would be correct to assert that is a simple negligence issue that does not require expert testimony. But two key confounding factors are at play. First, the Plaintiff was involved in severe accidents before and after the incident at TA Atlanta that likely contributed to his neck and back injuries. (*See* Def. TAO's Statement of Undisputed Material Facts ¶¶ 20-21). Second, the Plaintiff never reported injuries to his neck and back, and in fact, explicitly denied such injuries upon inquiry at the hospital. (*Id.* ¶ 18). He only reported injuries to his left foot. (*Id.* ¶ 17). On these facts alone, a lay person cannot discern how the fall directly contributed to all three injuries without expert testimony that explains the issue of causation to the jury. The non-foot injuries are too far removed from the evidence for a jury to conclude that the fall caused the

14

injuries. Accordingly, the Court grants partial summary judgment to Defendant TAO as to the Plaintiff's non-foot injuries.

## IV.    Conclusion

For the foregoing reasons, Defendant TAO's Motion for Summary Judgment [Doc. 47] is GRANTED in part and DENIED in part.

SO ORDERED, this  15th   day of June, 2026.


THOMAS W. THRASH, JR.
United States District Judge